IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Laurel Lawson, James Curtis, and James Turner, on behalf of themselves and other similarly-situated persons,<br><br>                      Plaintiffs,<br><br>v.<br><br>City of Atlanta, Georgia,<br><br>                      Defendant. | CIVIL ACTION FILE<br>NO. 1:18-CV-02484 |

**DEFENDANT CITY OF ATLANTA, GEORGIA'S MOTION TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendant City of Atlanta, Georgia (the "City"), moves to dismiss Plaintiffs Laurel Lawson, James Curtis, and James Turner's (together, "Plaintiffs") Class Action Complaint. In support of this motion, the City shows as follows.

## INTRODUCTION

On May 24, 2018, Plaintiffs filed the instant action on behalf of themselves and others similarly situated against the City, alleging the City's failure to maintain sidewalks that are equally accessible to persons with mobility impairments amounted to discrimination against them on the basis of disability. (*See generally*

Compl.) Plaintiffs bring their claims pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701 ("Rehabilitation Act"), and seek a declaration that the City is in violation of both statutory provisions "due to its failure to maintain its public rights of way in a manner equally accessible to disabled people." (Compl., Prayer for Relief ¶ (c).) Plaintiffs also seek compensatory damages for "the harm they have experienced, including fear, humiliation, anger, and other forms of emotional distress, as a result of the violations of the Rehabilitation Act." (Compl. ¶ 102.) Finally, Plaintiffs seek a permanent injunction, requiring, among other things, the City to bring allegedly non-complaint rights of way into ADA compliance. (*Id.* Prayer for Relief ¶ (d).)

Plaintiffs' Complaint does not allege an actionable claim under either federal statute, warranting dismissal under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' Rehabilitation Act claim—based on the allegation that "[t]he City has engaged in discrimination against Plaintiffs and those similarly situated by denying them meaningful access to the City's public rights of way." (Compl. ¶ 90.)—does not identify a specific program or facility of the City that received federal financial assistance, and, therefore, cannot support a waiver of sovereign immunity under the Rehabilitation Act.  For that reason, the claim should be dismissed.

2

Further, Plaintiffs do not plead that the City acted *intentionally* in its alleged failure to maintain its public rights of way in a way that is reasonably accessible to them, as required to state a claim for compensatory damages under the Rehabilitation Act.  To show intentional discrimination, binding Eleventh Circuit precedent requires that Plaintiffs must plead the deliberate indifference of a *specific City official* who has the *authority* to address the alleged discrimination, has the authority to institute corrective measures, and who has *actual knowledge* of discrimination in the [organization's] programs and fails adequately to respond.  Simply put, these allegations are nowhere to be found in the complaint, and the Rehabilitation Act claim should be dismissed for this basic pleading failure.

Plaintiffs also assert a cause of action under Title II of the ADA, alleging that "[t]he City has engaged in discrimination against Plaintiffs and those similarly situated by denying them meaningful access to the City's public rights of way." (Compl. ¶ 90.)  Once again, the Complaint does not include the sort of specific allegations required to maintain this type of claim.  The requirements of the ADA are different for public rights of access constructed before 1992 as compared to after 1992. Plaintiffs here do not allege—and provide no reason for the Court to presume or infer—that the sidewalks and curbs described in the Complaint were constructed before 1992. For public rights of access constructed prior to 1992, the ADA does not

require anything of the City other than that if the City does alter them that it does so pursuant to the "maximum extent feasible," further defined by ADA regulations to mean that 20% of the total construction budget be spent to improve accessibility. See 28 C.F.R. §§ 36.401-403.

In addition, Plaintiffs plead no facts regarding when their alleged injuries occurred in accordance their obligation to plead that their injuries took place within the applicable statute of limitations period. This is a basic pleading obligation, and by failing to meet it, the plaintiffs are not entitled to the presumption that their alleged injuries took place within the limitations period. The Rule 12(b)(6) pleading standard is permissive, but it does not allow for this sort of guess pleading. For these reasons, both claims should be dismissed.

Finally, to the extent Plaintiffs' seek to enforce the 2009 Settlement Agreement entered into between the United States Department of Justice and the City, the Complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The claims asserted in the Complaint are not ripe for this Court's consideration because the time within which the City must bring non-compliant sidewalks and curbs, to the extent they exist, into compliance with federal regulations—as set forth in the 2009 Settlement Agreement has not

expired. And even if the time had expired, it is the DOJ and not plaintiffs, who would have standing to enforce the Agreement.

The ADA and Rehabilitation Acts are not guarantees of perfect access for individuals with disabilities, but rather are a prohibition on intentional discrimination, a requirement that public and private entities take into account access for people with disabilities when updating existing structures and services, and a recognition that public entities like the City of Atlanta have to balance better access with limited public funds. Plaintiffs' putative class action ignores this balance—and the existing settlement agreement between the Department of Justice and the City— while not meeting any of the pleading requirements of the statutes. For these reasons, the action should be dismissed in its entirety.

## ARGUMENT AND CITATION TO AUTHORITY

**I.     Plaintiffs' Claims Should Be Dismissed Pursuant To Federal Rule Of Civil Procedure 12(b)(6) Because Plaintiffs Fail To State A Claim Under The Rehabilitation Act And Title II of the ADA.**

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). Although the text of Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief,"

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Thus, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1370 (N.D. Ga. 2012) Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Discrimination claims under the ADA and the Rehabilitation Act are governed by the same standards, and the two claims are generally discussed together." *J.S., III by and through J.S. Jr. v. Houston County Board of Education*, 877 F. 3d 979, 985 (11th Cir. 2017). For the reasons stated below, Plaintiffs fail to present facts sufficient to state a claim under either statutory provision, and the Complaint should be dismissed with prejudice.

**A.   Plaintiffs fail to identify a specific program or facility that received federal financial assistance.**

Plaintiffs' Rehabilitation Act claim fails, because they do not identify a specific program or activity receiving Federal financial assistance, as required to maintain such as claim. Section 504 of the Rehabilitation Act states that: "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied

the benefits of, or be subjected to discrimination *under any program or activity receiving Federal financial assistance . . . .*" 29 U.S.C. § 794(a) (emphasis added). The Rehabilitation Act defines "program or activity" to include the operations of "a department, agency, special purpose district, or other instrumentality of a State or local government" or "the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government." 29 U.S.C. § 794(b). In interpreting the phrase "under any program or activity receiving Federal financial assistance," the Eleventh Circuit concluded that Section 504(b)'s definition of program or activity "cannot be construed to mean the County as a whole." *McMullen v. Wakulla County Bd. of County. Commissioners*, 650 Fed. App. 703, 706 (11th Cir. 2016) (rejecting argument that plaintiff only show County as a whole received federal funds). Rather, "the relevant unit is 'a department, agency, special purpose district or other instrumentality' of the County." *Id.* In reaching this conclusion, the Eleventh Circuit held that a plaintiff "cannot rely on funds received by other County departments unconnected to his claim to show that the Rehabilitation Act applies." *Id.* There must be some evidence in the record to show the relevant department, agency, or instrumentality received federal assistance. *Id.*

7

Plaintiffs do not allege that a City department, agency, or other instrumentality connected to their claims receive federal assistance that would trigger liability under the Rehabilitation Act. In fact, Plaintiffs do not identify *any* relevant City program or activity in receipt of federal funds. Instead, Plaintiffs plainly assert that "[t]he City of Atlanta is an entity that received federal funds in numerous areas." (Compl. ¶ 97.) That is precisely the sort of allegation held insufficient by the Eleventh Circuit in *McMullen*. Such a statement amounts to nothing more than a legal conclusion. Without even an allegation that Plaintiffs were discriminatorily affected by a relevant department, agency, or other instrumentality in receipt of federal funds, Plaintiffs cannot state a claim under the Rehabilitation Act. Therefore, Plaintiffs' claims under the Rehabilitation Act should be dismissed.

**B.     Plaintiffs do not plead that the City intentionally discriminated against them, as required to state a claim for compensatory damages.**

Plaintiffs also fail to plead that the City intentionally discriminated against them. Such an allegation is necessary for a claim for compensatory damages under the Rehabilitation Act to survive a Rule 12(b)(6) motion to dismiss. Count II of Plaintiffs' Class Action Complaint alleges "Plaintiffs are entitled to recover compensatory damages for the harm they have experienced . . . as a result of the violations of the Rehabilitation Act described herein, due to the City's deliberate indifference to the rights of people with disabilities." (Compl. ¶ 102.) Plaintiffs plead

8

no facts showing the City acted with deliberate indifference in repairing sidewalks and curbs in the city. Therefore, Plaintiffs' claim for compensatory damages should be dismissed.

As noted above, to state a claim for compensatory damages under the Rehabilitation Act, Plaintiffs must show that the City ***intentionally*** discriminated against them. *J.D.P. v. Cherokee County, Ga. Sch. Dist.*, 735 F. Supp. 2d 1348, 1364 (N.D. Ga. 2010); *see also Ortega v. Bibb County Sch. Dist.*, 431 F. Supp. 2d 1296, 1300 (M.D. Ga. 2006) ("a party seeking to recover damages under either provision [§202 of the ADA or §504 of the Rehabilitation Act] must show intentional discrimination."). To show intentional discrimination, Plaintiffs must plead that the City acted with deliberate indifference. *Liese v. Indian River County Hosp. Dist.*, 701 F. 3d 334, 345 (11th Cir. 2012).[1]  It is not enough to use the magic words "deliberate indifference," as plaintiffs did here.  Rather, they must plead that " 'an *official* who at a minimum has *authority* to address the alleged discrimination and to institute corrective measures on the [organization's] behalf [and who] has *actual knowledge* of discrimination in the [organization's] programs and fails adequately

---

[1] "Deliberate indifference requires knowledge that a federally protected right is likely to be harmed, and there must be a corresponding failure to act upon that likelihood." *J.D.P.*, 735 F. Supp. 2d at 1364.

to respond." *Liese*, 701 F.3d 334, 349 (11th Cir. 2012) (alterations and emphasis in original).

As courts have recognized, deliberate indifference is more than just negligence. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001) ("Rather, in order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent. . . ."); *S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248, 263 (3d Cir. 2013)("'Deliberate indifference must be a deliberate choice, rather than negligence or bureaucratic inaction.'"). "Good faith attempts to pursue legitimate ends are not sufficient to support an award of compensatory damages under section 504 or the ADA." *J.D.P.*, 735 F. Supp. 2d at 1364.

Plaintiffs do not identify a single City official who had notice of the alleged state of the curbs and sidewalks used by plaintiffs *and* who has the authority to address the alleged discrimination and institute corrective measures on the City's behalf. Instead, Plaintiffs plainly allege that they are entitled to compensatory damages "due to the City's deliberate indifference to the rights of people with disabilities." This blanket statement is not good enough.  Because Plaintiffs do not allege that a specific City official acted with deliberate indifference, they cannot support a claim for compensatory damages under the Rehabilitation Act. *See Beckley*

*v. City of Atlanta, Georgia*, No. 1:16-CV-1435-MHC, 2017 WL 6460300 (N.D. Ga. Oct. 18, 2017). For this reason, Plaintiffs' claim for compensatory damages should be dismissed.

**C.    Plaintiffs do not plead that the public rights of way at issue were constructed before 1992 or altered after 1992.**

Plaintiffs do not claim that the sidewalks and curbs described in the Complaint were constructed after 1992. Plaintiffs also provide no reason for the Court to presume that they were constructed after 1992. Therefore, based on the allegations presented Plaintiffs have not sufficiently stated a claim under Title II of the ADA, and their Complaint should be dismissed.

ADA regulations require facilities constructed after January 26, 1992 to "be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities." 28 C.F.R. §35.151(a)(1). For facilities constructed before 1992, however, ADA regulations merely require that

> [e]ach facility or part of a facility altered by, on behalf of, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities . . .

28 C.F.R. §35.151(b)(1). Plaintiffs' Complaint fails to present any facts showing that the public rights of way described therein fail to meet the ADA's alteration requirements for pre-1992 facilities.

Here Plaintiffs merely allege "[u]pon information and belief, the public rights of way described herein have been constructed, altered, or improved since January 26, 1992." (Compl. ¶ 91.) This is not enough. It is well settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiffs' allegation "upon information and belief"—without a single supporting factual allegation or detail—falls well short of Plaintiffs' burden here and amounts to nothing more "than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Id.*

Moreover, Plaintiffs do not allege that the City did not meet the "maximum extent feasible" standard set forth in ADA regulations. For those sidewalks and curbs Plaintiffs allege were constructed before 1992 and have been altered, the Complaint is silent on whether they were altered to be readily accessible to persons with disabilities "to the maximum extent feasible." To the maximum extent feasible is defined in ADA regulations to mean that 20% of the total construction budget must be spent to improve accessibility. *See* 28 C.F.R. §§ 36.401-403. As courts have held "[t]hat Title II extends to newly built and altered sidewalks does not mean that

it, or its private right of action, requires cities to employ 'any and all means' to make such sidewalks accessible." *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011). It is insufficient for Plaintiffs to merely assert that the City should have, and did not, alter the sidewalks and curbs at issue in accordance with ADA regulations without also pleading facts to show that the City did not make alterations to the maximum extent feasible. Because Plaintiffs do not plead any facts showing that the City failed to make any altered sidewalks and curbs accessible to the maximum extent feasible, Plaintiffs cannot support a claim under Title II of the ADA.

**D.     Plaintiffs do not plead that their alleged injuries occurred within the applicable statute of limitations period.**

The Complaint is also silent as to when the Plaintiffs were first injured as a result of the City's alleged conduct. It is their pleading burden and obligation to do so, in order to maintain a claim. For this additional reason, their claims should be dismissed.

Neither Title II of the ADA nor Section 504 of the Rehabilitation Act provide a limitations period for claims asserted. Therefore, Georgia law determines what limitations period applies to Plaintiffs' claims. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33 (1995) ("A look at this Court's docket in recent years will show how often federal statutes fail to provide any limitations period for the causes of action they create, leaving courts to borrow a period, generally from state law, to limit these

13

claims."); *Frame*, 657 F.3d at 237 ("When Congress does not establish a limitations period for a federal cause of action, the 'general rule' is that we borrow the most analogous period from state law."). Under Georgia law, "actions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33. Thus, Plaintiffs' claims under Title II of the ADA and the Rehabilitation Act are subject to a two-year statute of limitations. *See Everett v. Cobb County School Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998) ("Because Georgia has not passed a state law identical to the Rehabilitation Act from which to borrow a limitations period, we follow the lead of the other circuits that have decided this issue and apply Georgia's two-year statute of limitations period for personal injury actions.").[2]

Plaintiffs do not make a single allegation related to the date when they were first injured as a result of the City's alleged conduct. Instead, Plaintiffs assert "[e]ach individual plaintiff has had numerous personal experiences with being unable to

---

[2] Several courts have applied similar limitations periods to claims under Title II of the ADA and the Rehabilitation Act on the ground that "most discrimination claims involve 'injury to the individual rights of a person' and thus are analogous to personal-injury tort claims." *Frame*, 657 F.3d at 237. *See e.g., Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010); *Disabled in Action of Penn. v. Se. Penn. Trans. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008); *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055 (8th Cir. 2003); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996)

travel safely along public rights of way in the City due to non-compliant sidewalks." (Compl. ¶ 52.) Given that the City entered a Settlement Agreement with the Department of Justice in 2009 concerning issues raised in Plaintiffs' Complaint, it is likely that Plaintiffs have been aware of their claims for well over two years. They certainly are not entitled to an inference that their individual claims arose within the past two years. Indeed, Plaintiffs' present no plausible reason to so presume. Because Plaintiffs wholly fail to allege when their injuries occurred, Plaintiffs have not sufficiently pled that their claims fall within the applicable two-year limitations period. For this reason, Plaintiffs' Complaint should be dismissed in its entirety.

## II. Plaintiffs' Complaint Should Be Dismissed Pursuant To Federal Rule Of Civil Procedure 12(b)(1) Because Plaintiffs' Claims Are Not "Ripe" For Adjudication.

To the extent Plaintiffs seek to enforce the City's 2009 Settlement Agreement with the Department of Justice, Plaintiffs' claims must be dismissed in their entirety because Plaintiffs fail to state a claim that is ripe for this Court's adjudication. "Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). Whether an issue is "ripe" for judicial review "depends on whether the issue in a case presents 'a real, substantial controversy between parties having

adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *White v. Baker*, 696 F. Supp. 2d 1289, 1290 (N.D. Ga. 2010). Thus, to determine whether a claim is ripe, courts assess "both the *fitness* of the issues for judicial decision and the *hardship* to the parties of withholding judicial review." *Harrell v. The Florida Bar*, 608 F.3d 1241, 1258 (11th Cir. 2010) (internal citations omitted) (emphasis in original). "The fitness prong is typically concerned with questions of 'finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed. The hardship prong asks about the costs to the complaining party of delaying review until conditions for deciding the controversy are ideal." *Id.* The burden of pleading facts sufficient to demonstrate that a claim is ripe for adjudication lies with the plaintiff. *Dermer v. Miami-Dade County*, 599 F.3d 1217, 1220 (11th Cir. 2010). A claim that is not ripe for determination is subject to dismissal for lack of subject matter jurisdiction. *Id.*

Plaintiffs' Complaint is subject to dismissal because it plainly asserts "[t]he City has failed, on a systemic level, to maintain its public rights of way in a manner compliant with the ADA and Rehabilitation Act," without pleading any facts demonstrating that such a claim is ripe of judicial review. (Compl. ¶ 27.) To support their claim that the City's public rights of way are not complaint with the ADA and Rehabilitation Act, Plaintiffs cite to the City's obligations under a Settlement

Agreement entered between the United States Department of Justice ("DOJ") and the City. Plaintiffs allege that the City "is in breach" of its obligations under the Settlement Agreement.[3] (Compl. ¶¶ 43, 46, 48.) Two paragraphs after alleging the City breached its obligations under the Settlement Agreement, Plaintiffs allege "[a]s a result of these systemic failures by the City, the individual plaintiffs, and those similarly situated, are denied equal access to the City's public rights of way. . . ." (Compl. ¶ 51.) The Complaint does not however, address the deadline set for compliance in the Settlement Agreement.

The Settlement Agreement provides that it "will remain in effect for three years or until the parties agree that all actions required by the Agreement have been completed, *whichever is later*. (Settlement Agreement ¶ 65.) While the three year term set forth in the Agreement has expired, there has been no agreement by the parties that the actions required therein have been completed. Further, there has been no enforcement action taken by the DOJ to compel the City's compliance with the Agreement. For these reasons, Plaintiff's claims for violation of the ADA and Rehabilitation Act, seemingly based in part on the City's failure to comply with its

---

[3] To the extent Plaintiffs seek to enforce the Settlement Agreement, the City maintains that they have no legal standing to do so.

17

obligations under the Settlement Agreement, are premature and not ripe of this Court's consideration.

## **CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted this 6th day of July, 2018.

    *Anita Wallace Thomas*
Anita Wallace Thomas
Georgia Bar No. 733628
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Tel.: (404) 322-6000
Fax: (404) 322-6050
anita.thomas@nelsonmullins.com

Matthew G. Lindenbaum
(*pro hac* pending)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
One Post Office Square
Boston, Massachusetts 02109
Tel.: (617) 217-4700
Fax: (617) 217-4710
matthew.lindenbaum@nelsonmullins.com

*Counsel for Defendant*

## **LR 5.1(B) CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies, pursuant to Local Rules 5.1(B) and 7.1(D), that the foregoing has been prepared in size 14 Times New Roman font.

*Anita Wallace Thomas*
Anita Wallace Thomas

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing has been filed on July 6, 2018 using the Court's CM/ECF system, which will send notice of electronic filing to all parties registered with the system.

*Anita Wallace Thomas*
Anita Wallace Thomas
