IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAUREL LAWSON, JAMES CURTIS, and JAMES TURNER, on behalf of themselves and other similarly-situated persons,

  Plaintiffs,

v.

CITY OF ATLANTA, GEORGIA,

  Defendant.

CIVIL ACTION FILE
No. 1:18-cv-2484-SCJ

## ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss and Motion to Strike. Doc. No. [16]. For the reasons described below. Defendant's motions are **DENIED**.

I. **BACKGROUND**

Plaintiffs Laurel Lawson, James Curtis, and James Turner are all individuals with disabilities who frequent Atlanta and utilize wheelchairs to navigate the city. Doc. No. [12], ¶¶14–22. They bring a disability discrimination suit seeking injunctive relief against Defendant City of Atlanta

("the City") under Section 504 of the Rehabilitation Act and Title II of the American with Disabilities Act ("ADA"). Id. ¶1. Plaintiffs allege the City has failed to maintain sidewalks and curbs in a manner that makes them accessible to those with mobility impairments. Id. Plaintiffs have each personally experienced broken and inaccessible sidewalks which have created dangerous conditions and frustrated their travel in the city of Atlanta. Id. ¶¶56–68. Plaintiffs seek to represent a class consisting of "all persons with mobility impairments who desire access to the City's public rights of way." Id. ¶23.

In addition to recounting their own personal experiences with inaccessible sidewalks, Plaintiffs describe systemic failures on the part of the City to comply with the requirements of the Rehabilitation Act and the ADA. Id. ¶30. To illustrate these failures, Plaintiffs cite a 2010 report titled "2010 State of the City's Transportation Infrastructure & Fleet Inventory Report" ("the Audit") issued by the City's Department of Public Works, which documents a number of issues of noncompliance with the ADA. See id. ¶¶32–38; see also Doc. No. [1-1] (incorporated by reference into Plaintiffs' amended complaint). Additionally, Plaintiffs describe a 2017 deposition in which the program management officer for the Renew Atlanta Bond program testified that only a tiny fraction of the documented instances of noncompliance from the 2010

2

audit have been addressed and that the City has failed to allocate funds sufficient to address the remaining backlog of sidewalk, curb, and ramp issues. Doc. No. [12], ¶¶39–45; see also Doc. No. [1-2] (incorporated by reference into Plaintiffs' amended complaint). Finally, Plaintiffs allege that the City is still not in compliance with the terms of a settlement agreement entered into with the Department of Justice ("DOJ"), which once completed would signal compliance with the violations of the ADA found by the DOJ. Doc. No. [12], ¶¶46–52; see also Doc. Nos. [1-3]; [1-4] (incorporated by reference into Plaintiffs' amended complaint).

The City of Atlanta moves to dismiss Plaintiffs' claims for failure to state a claim and lack of subject matter jurisdiction. It also moves to strike Plaintiffs' class allegations from the complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings do not require any particular technical form and must be construed "so as to do justice." Fed. R. Civ. P. 8(d)(1), (e). When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts the factual allegations made in the complaint as true and

3

construes them in the light most favorable to the plaintiff. Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

As the purpose of Rule 8(a) is simply to provide notice to the defendants of the nature of the claims and the grounds on which those claims rest, pleadings are generally given a liberal reading when addressing a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A complaint will be dismissed for failure to state a claim only if the facts as pled do not state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555–56. In order to state a plausible claim, a plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. As long as the facts alleged in the complaint create a reasonable expectation that discovery will reveal evidence of the elements necessary to prove a prima facie case, the plaintiff's suit should be allowed to continue. Twombly, 550 U.S. at 556; Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295–96 (11th Cir. 2007).

4

**III.  DISCUSSION**

The City asserts that Plaintiffs' amended complaint should be dismissed for failure to state a claim.  The City seeks dismissal of Plaintiffs' Rehabilitation Act claim because it contends that Plaintiffs have not properly alleged a specific program operated by the City that receives federal assistance.  Doc. No. [16], pp. 6–9.  It seeks dismissal of Plaintiffs' ADA claim because Plaintiffs have not alleged that the sidewalks and curbs on which their claims are based were constructed after 1992.  Id. at 9–12.  In addition, the City challenges Plaintiffs' proposed class definition and seeks to strike all class allegations from the complaint.  Id. at 12-15.  Finally, the City asserts lack of subject matter jurisdiction, as it says Plaintiffs' claims are not ripe for review.  Id. at 15–17.

### A.  Rehabilitation Act Claim

The City argues that "Plaintiffs' Rehabilitation Act claim fails because the Plaintiffs do not identify a specific and relevant program or activity receiving federal financial assistance, as required to maintain such as [sic] claim."  Doc. No. [16], p. 6. However, Plaintiffs allege that the City "receives federal financial assistance within the meaning of the Rehabilitation Act."  Doc. No. [12], ¶25. Furthermore, Plaintiffs allege the City receives federal funds for sidewalk improvements through the Livable Centers Initiative (managed by the Atlanta

5

Regional Commission)[1] and from grants administered by the Department of Housing and Urban Development ("HUD"). Id. ¶¶26–27. At this early stage of the litigation, where the Court accepts the facts pled by the Plaintiffs as true, such allegations are sufficient to state a claim for discrimination under the Rehabilitation Act.

The City's reliance on the Eleventh Circuit's decision in McMullen v. Wakulla County Board of County Commissioners is misplaced. 650 F. App'x 703, 705 (11th Cir. 2016). That case was decided at summary judgment after the plaintiffs had the benefit of discovery with which to prove their allegations regarding funding. Likewise, the Huber case cited by the City was also decided at summary judgment. Huber v. Howard County, 849 F. Supp. 407, 415 (D. Md. 1994). In another case relied upon by the City, the court denied a motion to dismiss, based on the very same argument made by the City in this case, because the plaintiff's simple allegation that the defendant received federal

---

[1] The City attempts to introduce facts not contained in the complaint to support its argument that the Atlanta Regional Commission is not an appropriate department of the City. Doc. No. [16], p. 8. The Court, however, declines to consider outside evidence at this juncture. See Fed. R. Civ. P. 12(d) (mandating that a motion to dismiss be converted to a motion for summary judgment if the Court considers matters outside the pleadings).

6

funding was sufficient to state a claim, and the plaintiff was entitled to develop evidence through discovery to establish the veracity of that allegation. Gonzalez-Nieves v. Miranda, 264 F. Supp. 3d 357, 365 (D.P.R. 2017).

The City is not making a factual challenge to Plaintiffs' claims (*i.e.*, presenting evidence that the City does not receive federal funds), it is merely challenging Plaintiffs' proper statement of a claim. Plaintiffs have alleged that they are disabled individuals who have experienced discrimination, from an entity receiving federal funds, by being excluded from the use of public pedestrian walkways on the basis of their disabilities. Plaintiffs' allegations, accepted as true, present a plausible claim for discrimination. Without the benefit of discovery from which Plaintiffs could obtain facts regarding the City's funding (facts that are within the City's control), the Court will not dismiss Plaintiffs' claim. The City's motion to dismiss Plaintiffs' Rehabilitation Act claim is denied.

**B.    ADA Claim**

Next, the City argues that Plaintiffs fail to state a claim for discrimination under the ADA, because they have not specified whether the sidewalks mentioned in their complaint were constructed before or after 1992 and, if altered after 1992, for what purpose the City undertook such alterations. Doc.

7

No. [16], pp. 9–12. Again, the City bases its argument on a hyper-critical reading of the complaint and a fact-driven defense, both of which are inappropriate at the motion-to-dismiss stage.

First, the Court notes that Plaintiffs did allege that many of the sidewalks and curbs at issue in their complaint were constructed, altered, or modified after 1992. See Doc. No. [12], ¶¶37–38, 51, 69, 74, 101. Second, regardless of whether the sidewalks in question were constructed before or after 1992, the ADA still applies. The difference lies in what affirmative defense is available to the City. See 28 C.F.R. §§ 35.150, 35.151.

Finally, the Court declines to require Plaintiffs to meet a level of specificity that is inconsistent with the standard governing a motion to dismiss. Title II of the ADA prohibits any public entity from excluding qualified, disabled individuals from the benefits of any service, program, or activity on the basis of that individual's disability. 42 U.S.C. § 12132. Plaintiffs are all individuals with mobility impairments who allege that the City has excluded them from the use and enjoyment of public sidewalks by the City's failure to maintain its sidewalks in an accessible condition. Plaintiffs' allegations, if taken as true, are sufficient to state a claim. The City's motion to dismiss Plaintiffs' ADA claim is denied.

### C.  <u>Class Allegations</u>

The City's motion also seeks to strike all class allegations from the complaint because it contends that Plaintiffs have improperly pled a "fail-safe" class. Doc. No. [16], pp. 12–15. The City defines the Plaintiffs' class by relying on the complaint's prayer for relief. <u>Id.</u> at 14; <u>see also</u> Doc. No. [12], ¶112.a (referring to the class as "[a]ll persons with mobility impairments who have been denied equal access to pedestrian rights of way in the City of Atlanta . . .").

Federal Rule of Civil Procedure 12(f) allows a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the City cites Rule 12(f) as the basis for its motion, it fails to identify for the Court how Plaintiffs' class definition (as described by the City) is "redundant, immaterial, impertinent, or scandalous." Rather, the City argues that Plaintiffs' class definition is legally not cognizable. However, the definition's legal inadequacy is not one of the enumerated bases for striking a portion of the pleadings.

Furthermore, the definition's legal adequacy is not before the Court until Plaintiffs file a motion for class certification. Plaintiffs' complaint contains several different descriptions of the class that Plaintiffs seek to represent, and any one of those definitions—or a completely new one—may be offered by

9

Plaintiffs to define the scope of the class. See Doc. No. [12], ¶¶9, 23, 112.a. The City is certainly entitled to raise its arguments regarding a "fail-safe" class at the class-certification stage, but its current argument is premature.

Finally, the Court notes that even if it were to determine at this stage of the proceedings that Plaintiffs' class definition was legally not cognizable, the appropriate remedy would be to allow Plaintiffs to revise the class definition, not to strike all class allegations from the complaint. Alhassid v. Bank of Am., N.A., 307 F.R.D. 684, 694 (S.D. Fla. 2015) ("[C]onfronted with a fail-safe class, the court may revise or permit the plaintiff to cure the flawed definitions."). Therefore, the City's motion to strike is denied.

### D. <u>Subject Matter Jurisdiction</u>

The City's final argument is that "[t]o the extent Plaintiffs seek to enforce the City's 2009 Settlement Agreement with the Department of Justice," Plaintiffs' claims are not ripe for review and should be dismissed. Doc. No. [16], pp. 15–17. Plaintiffs respond that they are not seeking to enforce the settlement agreement; rather, they are asserting their rights under the ADA as individuals who have been harmed by the City's practices. Doc. No. [17], p. 19. As Plaintiffs put it, the City's motion "is based on a theory of recovery Plaintiffs do not assert." Id. at 18.

The allegations as pled by Plaintiffs do not seek enforcement of the Department of Justice Settlement Agreement. See Doc. No. [12], ¶52. Any agreement between the City and the Department of Justice has no effect on the City's legal obligations and its liability to individuals under the ADA. See Beckley v. City of Atlanta, No. 1:16-cv-1435, 2017 WL 6460300, at *3 (N.D. Ga. Oct. 18, 2017). Plaintiffs allege violations of their individual rights under the ADA and seek to represent a class of similarly-situated individuals. There is no question that such allegations fall within the Court's subject matter jurisdiction and that these individuals' claims are ripe for review. Thus, the City's motion to dismiss for lack of subject matter jurisdiction is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant City of Atlanta's Motion to Dismiss for Failure to State a Claim and its Motion to Strike are **DENIED**. Doc. No. [16].

**IT IS SO ORDERED** this 9th day of July, 2019.

s/Steve C. Jones<br>
**HONORABLE STEVE C. JONES**<br>
**UNITED STATES DISTRICT JUDGE**