IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAUREL LAWSON, JAMES          )
CURTIS, and JAMES TURNER, on  )
behalf of themselves and others )
similarly situated,            )
                              )   CIVIL ACTION FILE
                  Plaintiffs, )   NO. 1:18-CV-2484-SCJ
                              )
v.                            )
                              )
CITY OF ATLANTA, GEORGIA,     )
                              )
                  Defendant.  )
_____

## DEFENDANT CITY OF ATLANTA, GEORGIA'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Defendant City of Atlanta, Georgia (the "City") hereby provides these Initial Disclosures.

1.     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response:** The City is correctly identified in the above-captioned action.

2.     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:** The City does not contend that there are necessary parties to this action who have not been named by Plaintiffs Laurel Lawson, James Curtis, and James Turner ("Plaintiffs") or that there is a question of misjoinder of parties.

3.      Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response:** On May 24, 2018 Plaintiffs filed the instant action on behalf of themselves and others similarly situated against the City, alleging the City's failure to maintain sidewalks that are equally accessible to persons with mobility impairments amounts to discrimination against them on the basis of disability. Plaintiffs bring their claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701 ("Rehabilitation Act"). Plaintiffs filed an Amended Complaint on August 3, 2018.

The City's defenses to this action are manifold. First, Plaintiffs cannot show that the sidewalks and public rights of way at issue, to the extent they were constructed after 1992, were not altered to the "maximum extent feasible" to ensure they are ADA compliant, as required by ADA regulations. *See* 28 C.F.R. §§ 36.401-403. Second, the City states that it has an is actively working to bring all sidewalks

and public rights of way into compliance pursuant to the terms of the 2009 Settlement Agreement entered between the United States Department of Justice and the City. To the extent Plaintiffs seek to enforce the terms of that Agreement, they have no standing to do so and their claims are not ripe for consideration.

Finally, Plaintiffs' class action allegations should be stricken under Federal Rule of Civil Procedure 12(f) because it proposes an impermissible "fail-safe" class. Plaintiffs' putative class of those persons "with mobility impairments who have been denied equal access to pedestrian rights of way in the City of Atlanta as a result of the City's policies and practices" requires a determination of liability to define this class and is therefore fatally defective.

4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response:** A non-exhaustive list of statutes, codes, and regulations applicable to this action is as follows:

Title II of the Americans with Disabilities Act, 42 U.S.C. §1213;

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701;

29 U.S.C. §794;

28 C.F.R. § 35.151; and

28 C.F.R. §§ 36.401-403.

A non-exhaustive list of all legal principles and illustrative case law applicable to this action is as follows:

*California Foundation for Independent Living Centers v. County of Sacramento*, 142 F. Supp. 3d 1035 (E.D. Cal. 2015);

*Dermer v. Miami-Dade County*, 599 F.3d 1217 (11th Cir. 2010);

*Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586 (11th Cir. 1997);

*Etzel v. Hooters of America, LLC*, 223 F. Supp. 3d 1306 (N.D. Ga. 2016);

*Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) (en banc);

*Gonzalez-Nieves v. Miranda*, 264 F. Supp. 3d 357 (D.P.R. 2017);

*Harrell v. The Florida Bar*, 608 F.3d 1241 (11th Cir. 2010);

*Huber v. Howard County, Md.*, 849 F. Supp. 407, 415 (D. Md. 1994);

*Hurt v. Shelby Cty. Bd. of Educ.*, No. 2:13-CV-230-VEH, 2014 WL 4269113 *8 (N.D. Ala. Aug. 21, 2014);

*In re Nexium Antitrust Litigation*, 777 F.3d 9 (1st Cir. 2015);

*JWD Automotive, Inc. v. D.J.M. Advisory Group LLC*, 218 F. Supp. 3d 1335 (M.D. Fla. 2016);

*Kamar v. RadioShack Corp.*, 375 Fed. App'x 734 (9th Cir. 2010);

*Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161 (3d Cir. 2002);

*Manning v. Boston Medical Center Corp.*, 725 F.3d 34 (1st Cir. 2013);

*McMullen v. Wakula Cty. Bd. of Cty. Commissioners*, 650 Fed. App'x 703 (11th Cir. 2016);

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802 (7th Cir. 2012);

*Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011);

*Shotz v. American Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005);

*White v. Baker*, 696 F. Supp. 2d 1289 (N.D. Ga. 2010);

*Winfrey v. City of Chicago*, 957 F. Supp. 1014 (N.D. Ill. 1997); and

The doctrine of sovereign immunity, governmental immunity, and/or official immunity.

5.      Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response:** See Attachment A.

6.      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Response:** The City has not yet identified or retained an expert witness(es) who may testify as trial. The City reserves the right to make any expert witness disclosures in accordance with Federal Rule of Civil Procedure 26(a)(2) and Local Rule 26.2(C).

7.      Provide a copy of, or descript by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response:** See Attachment C.

8.      In the space provided bellow, provide a computation of any category of damages claims by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:** The City is not claiming any damages except the costs and fees incurred in defending this action.

9.      If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:** The City does not contend that some other person or legal entity is, in whole or in part, liable to Plaintiffs in this matter.

10.     Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response:** In response to this initial disclosure the City states that there is no applicable insurance coverage.

This 6th day of September, 2019.

> */s/ Anita Wallace Thomas*
> Anita Wallace Thomas
> Georgia Bar No. 733628
> NELSON MULLINS RILEY &
> SCARBOROUGH LLP
> 201 17th Street NW, Suite 1700
> Atlanta, Georgia 30363
> Tel.: (404) 322-6000
> Fax: (404) 322-6050
> anita.thomas@nelsonmullins.com
>
> Matthew G. Lindenbaum (admitted *pro hac vice*)
> NELSON MULLINS RILEY &
> SCARBOROUGH LLP
> One Post Office Square
> Boston, Massachusetts 02109
> Tel.: (617) 217-4700
> Fax: (617) 217-4710
> matthew.lindenbaum@nelsonmullins.com
>
> *Counsel for Defendant City of Atlanta, Georgia*

## __LR 5.1(B) CERTIFICATE OF COMPLIANCE__

The undersigned hereby certifies, pursuant to Local Rules 5.1(B) and 7.1(D),

that the foregoing has been prepared in size 14 Times New Roman font.

*/s/ Anita Wallace Thomas*
Anita Wallace Thomas

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing has been filed on September 6, 2019 using the Court's CM/ECF system, which will send notice of electronic filing to all parties registered with the system.

_/s/ Anita Wallace Thomas_
Anita Wallace Thomas

## ATTACHMENT A

1.  Laurel Lawson
c/o Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0300

Ms. Lawson has knowledge and information relating to her ADA and
Rehabilitation Act claims, and alleged injuries suffered from the same.

2.  James Curtis
c/o Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0300

Mr. Curtis has knowledge and information relating to her ADA and
Rehabilitation Act claims, and alleged injuries suffered from the same.

3.  James Turner
c/o Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0300

Mr. Turner has knowledge and information relating to her ADA and
Rehabilitation Act claims, and alleged injuries suffered from the same.

4.  Lawrence Jeter
c/o Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Tel: (404) 322-6000

Mr. Jeter may have knowledge and information relating to the City's
construction and alteration of sidewalks and public rights of way, efforts to

bring existing sidewalks and public rights of way into compliance with the ADA, and response to public concerns regarding same sidewalks and public rights of way.

5.  Betty Smoot-Madison
c/o Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Tel: (404) 322-6000

Ms. Smoot-Madison may have knowledge and information relating to the City's construction and alteration of sidewalks and public rights of way, efforts to bring existing sidewalks and public rights of way into compliance with the ADA, and response to public concerns regarding same sidewalks and public rights of way.

6.  Maurice Jackson (former employee)
c/o Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Tel: (404) 322-6000

Mr. Jackson may have knowledge and information relating to the City's construction and alteration of sidewalks and public rights of way, efforts to bring existing sidewalks and public rights of way into compliance with the ADA, and response to public concerns regarding same sidewalks and public rights of way.

7.  Other individuals identified by Plaintiff.

The City will supplement or amend this list as needed throughout the course of its investigation and discovery.

## **ATTACHMENT B**

The City has no information subject to this disclosure at this time.

## ATTACHMENT C

1.      The 2009 Settlement Agreement entered between the United States

Department of Justice and the City;

2.      Any documents and/or information produced by the Plaintiffs.

Discovery has just begun, and the City has not yet identified all documents and information in its possession, custody, or control that it may use to support its claims or defenses. The City will supplement or amend this list as needed throughout the course of its investigation and discovery.

## **ATTACHMENT D**

The City has no information subject to this disclosure at this time.

## **ATTACHMENT E**

The City has no information subject to this disclosure at this time.