IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREL LAWSON, JAMES CURTIS, and JAMES TURNER, on behalf of themselves and other similarly-situated persons,<br><br>       PLAINTIFFS,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA,<br><br>       DEFENDANT. | CIVIL ACTION FILE<br>NO. 1:18-cv-02484-SDG |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs, Laurel Lawson, James Curtis and James Turner, on behalf of themselves and other similarly situated persons (the "Plaintiffs")[1] and Defendant City of Atlanta, Georgia (the "City") respectfully move this Court to enter an Order staying these proceedings for 90 days due to the wide-ranging effects of the coronavirus pandemic, and in support thereof state as follows:

### I. INTRODUCTION

1.      This is a putative class action lawsuit filed by the Plaintiffs against the City in which the Plaintiffs allege the City is violating Title II of the American's

---

[1] The City and Plaintiffs, collectively, are hereinafter referred to as the "Parties".

1

with Disabilities Act and Section 504 of the Rehabilitation Act based on allegations that the City failed to maintain the City's sidewalks so that they are equally accessible to persons with mobility impairments.

2. On March 2, 2020, Georgia Governor Brian P. Kemp and Georgia Department of Public Health Officials confirmed Georgia's first cases of Coronavirus Disease 2019 ("COVID-19").

3. On March 12, 2020, Atlanta Mayor Keisha Lance Bottoms announced the City is implementing a full telework deployment for all non-essential employees through March 31, 2020, pursuant to the terms of the City's recently issued telework policy. City Hall is closed to the public.

4. On March 14, 2020, Governor Brian P. Kemp of Georgia signed a Public Health State of Emergency Proclamation relating to the spread of COVID-19 in Georgia.

5. On March 18, 2020, Mayor Bottoms closed City Hall to essential and non-essential employees.

6. On March 23, 2020, Mayor Bottoms issued an Executive Order instituting a temporary order for those individuals within the territorial limits of the City of Atlanta to stay in their place of residence in response to the rising number of COVID-19 infections (the "Stay at Home Order").

7. On March 24, 2020, Mayor Bottoms issued an Executive Order postponing all meetings of the City of Atlanta Boards, authorities, commissions, committees or similar bodies which were, and are scheduled to occur in City Hall or other City Facilities.

8. On March 27, 2020, Mayor Bottoms re-issued her Stay at Home Order, directing individuals within the territorial jurisdictional limits of the City of Atlanta to stay in their place of residence to combat the spread of COVID-19.

9. On March 29, 2020, President Donald J. Trump announced that Americans should adopt social-distancing measures, such as working from home and avoiding gatherings of more than 10 people through the end of April 2020.

10. At 6 p.m. on April 3, 2020, Governor Kemp's statewide stay at home order takes effect.

11. Given the governmental and societal measures being undertaken to contain and/or delay the unprecedented health risks related to the spread of COVID-19 and the unavailability of City staff whose presence is necessary for the active prosecution and defense of this action, as well as any settlement discussions, the Parties are requesting a 90 day stay of this action.

## II.  IMPACT ON THE PARTIES

12. As a result of the above directives, Atlanta residents (with the exception of essential/critical mission personnel) have been instructed not to leave their homes. This includes Plaintiffs, City representatives, and City staff who are likely the key fact witnesses that either Plaintiffs or the City intend to utilize in this matter.

13. Likewise, experts are unable to leave their homes and take measurements and recordings of the alleged inaccessible sidewalks, curb ramps, and things of that nature that are the subject of this lawsuit without incurring significant risk to their health and welfare.

14. Because of this, the City is unable to complete a proper assessment of the facilities that are the subject of this lawsuit in order for its experts to prepare appropriate expert disclosures to respond to those already prepared and served on the City by the Plaintiffs.

15. In addition, the City's current counsel, recently engaged by the City, have been unable to obtain documents and information necessary for the litigation due to the Stay at Home Orders and telework policy.

## IV.  LEGAL STANDARD

16. "A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Baine v. Citibank, N.A.*, No. 1:18-CV-3024-

AT-JSA, 2018 WL 6167950, at *1 (N.D. Ga. Oct. 10, 2018) (internal citation omitted).

17.   "Courts generally consider the following factors when deciding whether to grant a stay: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set." *Id.* (finding good cause and granting defendants' motion to stay).

## V.  ANALYSIS

18.   While many cases brought and pending in United States District Courts may procedurally move forward with electronic filings not impacted by stay-at-home orders, the substantive aspects of cases such as this cannot so easily move forward, given the tangible and physical aspects of the alleged barriers at the heart of this case, and the need for City staff, consultants, and experts to actively participate in substantive matters regarding the litigation.

19.   A stay in this matter would not unduly prejudice Plaintiffs. Due to the stay-at-home orders, Plaintiffs will not be able to proceed with discovery or substantive discussions. In discussing this motion, counsel for the Parties are both of the opinion that neither Party is materially advantaged or prejudiced by the stay requested.

20. A denial of a stay, however, would prejudice each Party differently. For example, the City would not be able to timely complete its expert disclosures due to the Stay at Home Orders and the City's unwillingness to insist that its experts and consultants, as well as certain City staff, violate the Stay at Home Orders and telework orders, subjecting them to significant health risk. The City cannot in good conscience demand that non-essential staff and outside providers go out and work in a hostile and infectious environment when it is ordering all of its residents and non-essential employees to do the opposite. Further, any City staff, expert or consultant that contracts COVID-19 by performing work contrary to the Stay at Home Orders presents a risk to the public health at large by being contagious, including, for at least some period of time while being asymptomatic, thereby unknowingly spreading the virus.

21. Plaintiffs would be prejudiced if the stay request is denied because persons and documents they need from discovery to prosecute their case will not be available as the trial calendar runs and deadlines expire.

22. Finally, discovery in this matter has not been completed, and a trial date has not been set.

## VI. CONCLUSION

23. For all the foregoing reasons, the Parties respectfully request that the Court enter a 90 day stay in this matter[2], providing that 14 days before the stay is lifted, the parties must submit a written status report with a recommendation to the Court as to whether the stay should be lifted or extended based on the circumstances at that time.

Dated: April 6, 2020

**COUNSEL FOR PLAINTIFFS**

| | |
|---|---|
| */s/ Andrew Y. Coffman* | */s/ James E. Radford* |
| Andrew Y. Coffman | James E. Radford |
| Georgia Bar No. 173115 | Georgia Bar No. 108007 |
| A. Lee Parks, Jr. | Regan E. Keebaugh |
| Georgia Bar No. 563750 | Georgia Bar No. 585500 |
| J. Daniel Cole | Georgia Lord |
| Georgia Bar No. 450675 | Georgia Bar No. 447932 |
| **PARKS, CHESIN & WALBERT, P.C.** | **RADFORD & KEEBAUGH, LLC** |
| 75 Fourteenth Street, 26th Floor | 315 w Ponce de Leon Ave. @1080 |
| Atlanta, GA 30309 | Decatur, GA 30030 |
| Telephone: 404-873-8000 | Telephone: 678-271-0300 |
| Facsimile: 404-873-8050 | james@decaturlegal.com |
| acoffman@pcwlawfirm.com | regan@decaturlegal.com |
| lparks@pcwlawfirm.com | georgia@decaturlegal.com |
| dcole@pcwlawfirm.com | |

---

[2] The requested stay is for all court, and court rules-mandated tasks, activities and deadlines. Settlement discussions and the informal exchange of information and discovery materials, to the extent possible under the aforementioned conditions, shall be permitted.

**COUNSEL FOR DEFENDANT**

| | |
|---|---|
| **GREENBERG TRAURIG, LLP** <br> Terminus 200, Suite 2500 <br> 333 Piedmont Road NE <br> Atlanta, Georgia 30305 <br> Telephone: (678) 553-2100 <br> Facsimile:  (678) 553-4745 <br><br> /s/ Richard J. Valladares <br> RICHARD J. VALLADARES <br> Georgia Bar No. 611066 <br> Valladaresr@gtlaw.com | **GREENBERG TRAURIG, P.A.** <br> 333 S.E. 2nd Avenue, Suite 4400 <br> Miami, Florida 33131 <br> Telephone: (305) 579-0500 <br> Facsimile:  (305) 579-0717 <br><br> ROBERT S. FINE (*pro hac vice*) <br> Florida Bar No. 155586 <br> Email: FineR@gtlaw.com <br> ROBERT S. GALBO (*pro hac vice*) <br> Florida Bar No. 106937 <br> Email: GalboR@gtlaw.com <br> ELISA H. BACA (*pro hac vice*) <br> Florida Bar No. 1003009 <br> Email: BacaE@gtlaw.com |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 7.1D.

/s/ *Richard J. Valladares*
Richard J. Valladares
Georgia Bar No. 611066

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed this JOINT MOTION TO STAY PROCEEDINGS using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 6th day of April, 2020.

Respectfully submitted,

/s/ *Richard J. Valladares*
Richard J. Valladares
Georgia Bar No. 611066