IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Laurel Lawson, James Curtis, and James
Turner, on behalf of themselves and other
similarly-situated persons,

     Plaintiffs,

v.

City of Atlanta, Georgia,

     Defendant.

_____ /

CIVIL ACTION FILE
NO. 1:18-cv-02484

## JOINT MOTION TO EXTEND DEADLINE TO FILE SETTLEMENT DOCUMENTS OR REQUEST COURT TO REOPEN THE CASE

Plaintiffs, Laurel Lawson, James Curtis, and James Turner, on behalf of themselves and other similarly situated persons (the "Plaintiffs"), and Defendant, City of Atlanta, Georgia (the "City")[1] respectfully move this Court to enter an Order extending, by 90 days, the deadline set forth in the Court's September 30, 2021 Paperless Order requiring the parties to either "file settlement documents to dispose of the case or request that [the case] be reopened." [ECF No. 78].  In support thereof, the Parties state as follows:

---

[1] The City and Plaintiffs, collectively, are hereinafter referred to as the "Parties".

1

1.     This is a putative class action lawsuit filed on May 24, 2018 alleging that the City is in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act based on allegations that the City failed to maintain its sidewalks so that they are equally accessible to persons with mobility impairments. [ECF No. 1].

2.     Due to the unforeseeable and unprecedented Coronavirus pandemic, the Parties requested that the Court stay the action, which the Court granted on April 13, 2020. [ECF No. 55].

3.     The action has largely been stayed since April 2020 as the Parties agreed it would reduce litigation expenses and continued to cooperatively work together to reach a settlement. *See, e.g.*, ECF No. 60; ECF No. 68; Paperless Entry dated November 9, 2020; ECF No. 71.

4.     On April 22, 2021, the Court granted the Parties' Joint Stipulation and Joint Motion for Conditional Class Certification. [ECF No. 75]. The Court's order also stayed the action for a period of 180 days "in order for the parties to work towards a settlement. … If a settlement is not to be filed with the Court within this one-hundred and eighty day period, the Parties must contact the Court to request a status conference be had upon its expiration." *Id.* at 3.

5.      On September 29, 2021, Ms. Alisha Holland, the Court's Courtroom Deputy Clerk, emailed the parties and notified them that while the "[180 day] time period hasn't expired yet, [] the Court would like to know the current status of this case." *See* e-mail from Ms. Holland dated September 29, 2021, attached hereto as "Exhibit 1."

6.      Counsel for Plaintiffs informed Ms. Holland that "due to the pandemic and the pressures that it has placed on City Hall, it has taken the parties longer than anticipated to finalize all of the terms. While we do have some additional work to do, we are cautiously optimistic that we will be able to resolve the matter, but not likely before the stay expires.   As such, the parties anticipate seeking a reasonable extension of the stay from the Court." *Id.*

7.      The following day, on September 30, 2021, Ms. Holland informed the parties that the Court would be administratively closing this case. The Court then entered an order directing the Clerk to administratively close the case and ordered the parties "to file settlement documents to dispose of the case or request that it be reopened within 90 days of the date of this Order. Absent an extension of that deadline or further order of the Court, the case will be considered DISMISSED WITH PREJUDICE at that time." [ECF No. 78].

8.      The 90-day period set by the Court in its September 30, 2021 Order is currently set to expire on December 29, 2021.

9.      During the stay and after the Court administratively closed the case, the Parties have worked to identify a broad range of issues necessary to be addressed in order to resolve the matters raised in the lawsuit and are actively negotiating settlement terms for each of them. Because the Complaint's allegations and prayer for relief involve all of the sidewalks and curb ramps in the City, as well as numerous policy and financial considerations, it has taken longer to than the Parties anticipated to reach an agreement on all of the matters necessary to resolve to finalize a settlement. Notwithstanding the length of time this matter has been pending (including the significant delays caused by the pandemic), the Parties are making significant and continual progress toward a settlement and can state, without waiving rights, that as of this time they have not encountered a significant impasse on any major issues.

10.     Accordingly, the Parties require additional time to complete their negotiations, finalize their draft settlement agreement and consent decree, attain the City Council's final approval and then draft and file the motion to approve notice and set a fairness hearing. The Parties continue to work together in a cooperative manner and have been meeting weekly to ensure progress is being made.

4

11.     Accordingly, the Parties respectfully request that the Court extend the deadline to file settlement documents to dispose of the case or request that the case be reopened, by 90 days, to and including March 29, 2022, providing that 15 days prior to the expiration of this extension, or on March 14, 2022, the Parties must submit a written status report with a recommendation to the Court as to whether the deadline should be extended, or the case reopened.

WHEREFORE, the Parties file this joint motion to extend the deadline to file settlement documents to dispose of the case or request that the case be reopened to March 29, 2022, with a status report due on March 14, 2022. A proposed order is attached as "Exhibit 2."

[*Remainder of page left intentionally blank. Signatures on the following page.*]

Dated: December 29, 2021

**COUNSEL FOR PLAINTIFFS**

/s/ Andrew Y. Coffman
Andrew Y. Coffman
Georgia Bar No. 173115
A. Lee Parks, Jr.
Georgia Bar No. 563750
J. Daniel Cole
Georgia Bar No. 450675
**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
Telephone: 404-873-8000
Facsimile: 404-873-8050
acoffman@pcwlawfirm.com
lparks@pcwlawfirm.com
dcole@pcwlawfirm.com

/s/ James E. Radford
James E. Radford
Georgia Bar No. 108007
Regan E. Keebaugh
Georgia Bar No. 585500
Georgia Lord
Georgia Bar No.  447932
**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, GA 30030
Telephone: 678-271-0300
james@decaturlegal.com
regan@decaturlegal.com
georgia@decaturlegal.com

**COUNSEL FOR DEFENDANT**

**GREENBERG TRAURIG, LLP**
Terminus 200, Suite 2500
333 Piedmont Road NE
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile:  (678) 553-4745

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717

/s/ Richard J. Valladares
RICHARD J. VALLADARES
Georgia Bar No. 611066
Valladaresr@gtlaw.com

ROBERT S. FINE (*pro hac vice*)
Florida Bar No. 155586
Email: FineR@gtlaw.com
ROBERT S. GALBO (*pro hac vice*)
Florida Bar No. 106937
Email: GalboR@gtlaw.com
ELISA H. BACA (*pro hac vice*)
Florida Bar No. 1003009
Email: BacaE@gtlaw.com