UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREL LAWSON, JAMES CURTIS, and JAMES TURNER, on behalf of themselves and other similarly-situated persons,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA,<br><br>  Defendant. | CIVIL ACTION FILE NO. 1:18-cv-02484-SDG |

## JOINT STATUS REPORT

Plaintiffs, Laurel Lawson, James Curtis and James Turner, on behalf of themselves and other similarly situated persons (the "Plaintiffs")[1] and Defendant City of Atlanta, Georgia (the "City"), pursuant to the Court's March 16, 2022, Order respectfully file this Status Report. In support thereof, the Parties state as follows:

  1. This is a putative class action lawsuit filed by the Plaintiffs against the City in which the Plaintiffs allege the City is violating Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act based on allegations that

---

[1] The City and Plaintiffs, collectively, are hereinafter referred to as the "Parties".

1

the City failed to maintain the City's sidewalks so that they are equally accessible to persons with mobility impairments.

2. Due to the unforeseeable and unprecedented Coronavirus pandemic, the Parties requested that the Court stay the action, which the Court granted on April 13, 2020. [ECF No. 55].

3. The action was largely stayed since April 2020 as the Parties agreed it would reduce litigation expenses and continued to cooperatively work together to reach a settlement. *See, e.g.*, ECF No. 60; ECF No. 68; Paperless Entry dated November 9, 2020; ECF No. 71.

4. In order to keep progressing towards a resolution, on April 22, 2021, the Court granted the Parties' Joint Stipulation and Joint Motion for Conditional Class Certification. [ECF No. 75]. The Court's order also stayed the action for a period of 180 days "in order for the parties to work towards a settlement. … If a settlement is not to be filed with the Court within this one hundred and eighty day period, the Parties must contact the Court to request a status conference be had upon its expiration." *Id.* at 3.

5. On September 30, 2021, the Court administratively closed the case and ordered the Parties to "file settlement documents to dispose of the case or request that the case be reopened" within 90 days. [ECF No. 78].

6. On December 29, 2021, the Parties jointly moved for a 90-day extension to "file settlement documents to dispose of the case or request that the case be reopened." [ECF No. 80]. The Court granted the motion and extended the deadline to "file settlement documents to dispose of the case or request that the case be reopened" to March 29, 2022 and ordered the Parties to "file a joint status report with a recommendation to the Court as to whether this deadline should be extended, or the case should be reopened." [ECF No. 81]. On March 16, 2022, the Court again extended the deadline to "file settlement documents to dispose of the case or request that the case be reopened" to June 27, 2022 and ordered the Parties to "file a joint status report with a recommendation to the Court as to whether this deadline should be extended, or the case should be reopened." [ECF No. 83].

7. Since the Court extended the deadline, several members of the City's new administration were getting up to speed as to issues raised by the lawsuit as well as the topics that are likely to be included in the Consent Decree. Specifically, following Mayor Andre Dickens election in November 2021, the new administration has been implementing new policy directives and filling various appointed positions within the City.

8. Concurrently, the Parties have been working diligently in order to finalize the anticipated Consent Decree for this matter. The Parties have been having

calls on a regular basis discussing various topics that are likely to be included in the Consent Decree. Further, the Parties have exchanged multiple drafts of the Consent Decree but are awaiting approvals from numerous stakeholders on the draft of the Consent Decree in order to finalize it.

9. The Parties respectfully request that the Court extend the deadline of March 27, 2022 an additional ninety (90) days in order for the Parties to either file settlement documents or request to reopen the case. Should the Court grant this request, the Parties again would provide a status report two weeks prior to the expiration of this deadline.

10. Additionally, if the Court desires the Parties to provide additional information as to the status of settlement negotiations and/or why the Parties require additional time to finalize the Consent Decree, the Parties will make themselves available for a Status Conference as the Court desires at which time the Parties can provide additional information to the Court as to the status of settlement negotiations and respond to any other questions the Court may have.

Dated: June 13, 2022

**COUNSEL FOR PLAINTIFFS**

| | |
|---|---|
| */s/ Andrew Y. Coffman* <br> Andrew Y. Coffman <br> Georgia Bar No. 173115 <br> A. Lee Parks, Jr. <br> Georgia Bar No. 563750 <br> J. Daniel Cole <br> Georgia Bar No. 450675 <br> **PARKS, CHESIN & WALBERT, P.C.** <br> 75 Fourteenth Street, 26th Floor <br> Atlanta, GA 30309 <br> Telephone: 404-873-8000 <br> Facsimile: 404-873-8050 <br> acoffman@pcwlawfirm.com <br> lparks@pcwlawfirm.com <br> dcole@pcwlawfirm.com | */s/ James E. Radford* <br> James E. Radford <br> Georgia Bar No. 108007 <br> Regan E. Keebaugh <br> Georgia Bar No. 585500 <br> Georgia Lord <br> Georgia Bar No.  447932 <br> **RADFORD & KEEBAUGH, LLC** <br> 315 W. Ponce de Leon Ave. @1080 <br> Decatur, GA 30030 <br> Telephone: 678-271-0300 <br> james@decaturlegal.com <br> regan@decaturlegal.com <br> georgia@decaturlegal.com |

**COUNSEL FOR DEFENDANT**

| | |
|---|---|
| **GREENBERG TRAURIG, LLP** <br> Terminus 200, Suite 2500 <br> 333 Piedmont Road NE <br> Atlanta, Georgia 30305 <br> Telephone: (678) 553-2100 <br> Facsimile:  (678) 553-4745 <br> <br> */s/ Richard J. Valladares* <br> Richard J. Valladares <br> Georgia Bar No. 611066 <br> Valladaresr@gtlaw.com | **GREENBERG TRAURIG, P.A.** <br> 333 S.E. 2nd Avenue, Suite 4400 <br> Miami, Florida 33131 <br> Telephone: (305) 579-0500 <br> Facsimile:  (305) 579-0717 <br> <br> Robert S. Fine (*pro hac vice*) <br> Florida Bar No. 155586 <br> Email: FineR@gtlaw.com <br> Robert S. Galbo (*pro hac vice*) <br> Florida Bar No. 106937 <br> Email: GalboR@gtlaw.com <br> Elisa H. Baca (*pro hac vice*) <br> Florida Bar No. 1003009 <br> Email: BacaE@gtlaw.com |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 7.1D.

                                                */s/ Richard J. Valladares*
                                                Richard J. Valladares
                                                Georgia Bar No. 611066

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of Court using the CM/ECF system which will automatically send electronic notification of such filing to all counsel of record:

This 13th day of June, 2022.

                                                */s/ Richard J. Valladares*
                                                Richard J. Valladares
                                                Georgia Bar No. 611066