UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREL LAWSON, JAMES CURTIS, and JAMES TURNER, on behalf of themselves and other similarly-situated persons,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA,<br><br>　　　　Defendant. | CIVIL ACTION FILE NO.<br>1:18-cv-02484-SDG |

**FINAL JUDGMENT AND ORDER**
**<u>APPROVING CLASS ACTION SETTLEMENT</u>**

WHEREAS, on April 30, 2024, at 2:00 P.M., the Court held a hearing (the "Fairness Hearing") to determine, among other things, whether the settlement in this action between Defendant City of Atlanta, Georgia (the "City") and Plaintiffs Laurel Lawson, James Curtis, and James Turner (collectively, the "Plaintiffs"), as set forth in the Consent Decree (ECF 98-1), is fair, reasonable, and adequate, such that an Order of final approval should be issued and a final judgment upon said Consent Decree should be entered by the Court,

WHEREAS, the Fairness Hearing was attended by the Parties, through their respective counsel of record in this action, and by such other individuals and entities as set forth in the record in this matter.

-1-

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for the purposes of this Judgment, adopts the terms and definitions set forth in the Consent Decree.

2. The Court has jurisdiction over the subject matter of this action, Plaintiffs, the Class, the Consent Decree, and the City.

3. The Court finds that the Notice of Proposed Settlement of Class Action Lawsuit ("Settlement Notice") notified the Class of the pendency of this action and of the proposed settlement and was disseminated by each of the means required under the Consent Decree and the Order Granting Preliminary Approval of Class Action Settlement (ECF No. 95) dated January 25, 2024, and was otherwise fully implemented.

4. The Court finds that the Settlement Notice, as ordered and implemented, was reasonably calculated under the circumstances to apprise the Class Members of the pendency of this action, all material elements of the proposed Settlement, and their opportunity (a) to submit written objections to the Settlement, and (b) to appear at the Fairness Hearing to object to or comment on the Settlement. The Settlement Notice was reasonable and the best notice practicable to all Class Members and complied with the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. A full and fair opportunity has been afforded to

the members of the Class to participate during the Fairness Hearing, and all other persons wishing to be heard have been heard. Accordingly, the Court determines that all members of the Class, as set forth below, are bound by this Judgment.

5. On January 25, 2024, this Court appointed Plaintiffs as Class Representatives of the Class, and appointed James E. Radford of Radford Scott LLP and Andrew Y. Coffman of Parks, Chesin & Walbert, PC as Class Counsel to represent the Class.

6. On January 25, 2024, this Court provisionally certified the following Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), based on the findings in the Order of the same date: "All persons who have, or will have, a Mobility Disability and who have been or will be denied equal access to pedestrian rights of way in the City of Atlanta at any time up through the expiration of this Consent Decree as a result of the City's policies and practices with regard to design, installation, repair, and maintenance of its pedestrian rights of way." This Court finds that the Class continues to meet the requirements for class certification under the Federal Rules of Civil Procedure and all other applicable laws and rules.

7. In particular, the Court finds that: (a) joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class that they seek to represent

for the purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Class and will continue to do so; (e) Plaintiffs and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Amended Complaint; and (f) the City acted or refused to act on grounds that apply generally to the Class, so that declaratory and injunctive relief is appropriate.

8. Class certification is therefore an appropriate mechanism for protecting the interests of the Class and resolving the common issues of fact and law arising out of Plaintiffs' claims while also eliminating the risk of duplicative litigation. Accordingly, the Court hereby makes final its earlier provisional certification of the Class and further confirms the appointment of the Class Representatives and Class Counsel to represent the Class.

9. The Court grants final approval of the Settlement set forth in the Consent Decree and finds, after considering all of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), that it is fair, reasonable, adequate, and in the best interests of the Class as a whole. The Settlement, which was negotiated at arm's length, offers Class Members comprehensive injunctive relief regarding all of the claims in Plaintiffs' Complaint, and treats Class Members equitably relative to each other. The Court grants final approval of the release of the City from the Released Claims as set forth in the Consent Decree.

10. The Court further finds that the City's obligations as set forth in the Consent Decree are proper and reasonably calculated based on the available information to provide people with Mobility Disabilities access to the City's pedestrian public rights of way. Accordingly, the Settlement shall be consummated in accordance with the terms and conditions of the Consent Decree.

11. No Class Member has objected to the Settlement. The absence of any objections further supports the Settlement's final approval.

12. The Class Representatives and all Class Members (and their respective heirs, assigns, successors, executors, administrators, agents, and representatives) are conclusively deemed to have released and forever discharged the City from all Released Claims as set forth in the Consent Decree. The Class Representatives and all Class Members are bound by this Judgment.

13. The benefits described in the Consent Decree and in this Order are the only consideration, fees, costs, and expenses that the City shall be obligated to give to any party or entity, including without limitation, the Class Representatives, the Class Members, and Class Counsel in connection with the claims released in the Consent Decree and/or the payment of attorneys' fees, costs, and expenses in this action.

14. The Consent Decree and this Judgment are not admissions of liability or fault by the City, or a finding of the validity of any claims in this action or of any

wrongdoing or violation of law by the City. The Consent Decree is not a concession by the Parties and, to the fullest extent permitted by law, neither this Judgment, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of or admission by the City.

15. Notwithstanding the foregoing, nothing in this Judgment shall be interpreted to prohibit the use of this Judgment to consummate or enforce the Consent Decree or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

16. In accordance with the terms of the Consent Decree, the Court reserves exclusive and continuing jurisdiction over Plaintiffs, the Class Members, the City, and the Consent Decree throughout the term of the Consent Decree, for the sole purpose of supervising the implementation, enforcement, construction, and interpretation of the Consent Decree and this Judgment. In that regard, any challenges to the Consent Decree's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court.

17. In an exercise of discretion to better facilitate the Court's ability to ensure that the Consent Decree is being implemented in a timely manner, and to

better enable Class members and any other interested members of the public to monitor such implementation, the Court hereby **ORDERS** that the Defendant, City of Atlanta, Georgia, file with the Clerk of Court a complete copy of each of the periodic reports required by the Consent Decree, so that such reports can be included in the Court's Docket. These periodic reports include:

a. The written progress reports describing the City's progress on its Self-Evaluation required under section VII(A)(5);

b. The Transition Plan for Sidewalks required under section VII(B) and VII(D)(3);

c. The annual and biennial progress reports required by section VII(D)(2) and VII(E)(3); and,

d. The Monitor's report of his or her findings, as required by section VII(E)(4).

Each such report shall be filed with the Clerk of Court within ten (10) days following the Defendant's service of it to Plaintiffs' counsel.

18. Class Counsel filed Plaintiffs' motion for attorneys' fees and costs, accompanied by a detailed itemization of same in accordance with the terms of the Consent Decree, seeking $600,000 in attorneys' fees and $27,947.65 as costs and litigation expenses. The City does not object to the award of such fees, costs and expenses. Therefore, upon review of Plaintiffs' motion and hearing from the parties

at the Fairness Hearing, the hereby awards attorneys' fees, costs and expenses in the amount of $627,947.65.

19. In an exercise of discretion to better facilitate the Court's ability to ensure that the Consent Decree is being implemented in a timely manner, and to better enable Class members and any other interested members of the public to monitor such implementation, the Court hereby **ORDERS** that any party giving notice that they are initiating the Dispute Resolution Procedure pursuant to section VII(M)(1) of the Consent Decree shall file a copy of such notice with the Clerk of Court, so that such reports can be included in the Court's Docket.

20. In an exercise of discretion to assure the smooth operation of the Dispute Resolution Procedure described in section VII(M)(1) of the Consent Decree, the Court hereby **ORDERS** that in the event that any of Plaintiffs' counsel change the law firm with which they are affiliated, or change any portion of their contact information, they shall file with the Clerk of Court a notice of such change of firm and/or contact information. In addition, any notification required under section VII(M)(1) of the Consent Decree must be served upon all counsel of record.

***

In light of the foregoing, the parties' Joint Motion to Certify Class and for Final Approval of Class Action Consent Decree (ECF 98) is **GRANTED**. Plaintiffs' Interim Motion for Attorneys' Fees, Costs and Litigation Expenses (ECF 96) is

**GRANTED**. The Clerk of Court is **DIRECTED** to administratively close this case until further notice. This administrative closing does not preclude the filing of documents and, in fact, the filing of documents is contemplated as set forth herein. Any party may request that this matter be reopened during the pendency of the Court's continuing jurisdiction over the terms of the Consent Decree.

    **IT IS SO ORDERED,** this 6th day of May, 2024.

_____
Steven D. Grimberg
United States District Judge